**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

DAVID VANCE,                                                                 PETITIONER
ADC # 149096,

v.                                      5:12-CV-00174-JMM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

On October 20, 2010, a jury convicted David Vance of rape. (Doc. No. 8-1.) He appealed and challenged the sufficiency of the evidence at trial and argued that the trial court erred and violated his confrontation rights by excluding evidence he attempted to submit under Arkansas's rape-shield statue, Ark. Code Ann. § 16-42-101.[1] The Arkansas Supreme Court affirmed Mr. Vance's conviction finding that substantial evidence supported the conviction, that he had procedurally defaulted his confrontation claim by not presenting the claim to the trial court, and that the trial court did not abuse its discretion in denying his motions to admit rape-shield evidence.[2]

Mr. Vance filed a Rule 37 petition following the denial of his appeal.[3] The circuit court denied the petition and Mr. Vance appealed, but then moved to dismiss the appeal. On May 31, 2012, the Arkansas Supreme Court granted the motion to dismiss.[4] Petitioner filed the instant

---

[1] *Vance v. State*, 2011 Ark. 392, at * 1, 2011 WL 4490182, at *1 (2011).

[2] *Id.* at *6-8.

[3] *Vance v. State*, 2012 Ark. 254, at *1, 2012 WL 1950406, at *1 (2012) (unpublished).

[4] *Id.*

Petition for Writ of Habeas Corpus on May 17, 2012. (Doc. No. 2.)

## II.    DISCUSSION

### A.    Procedural Default

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists to allow the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.' " *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996))).

After reviewing the record, the Court concludes that Mr. Vance's confrontation clause claim is procedurally defaulted. In review of the direct appeal, the Arkansas Supreme Court noted that Mr. Vance "failed to make a specific confrontation clause argument to the circuit court, and he did not

obtain a ruling on it."[5]  Mr. Vance was required to first present his confrontation clause claim to the trial court.  *Thomas v. State*, 370 Ark. 70, 74, 257 S.W.3d 92, 97 (2007)("Our law is well settled that issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had the opportunity to rule on them").  Because he did not do so, the claim is procedurally defaulted.  Mr. Vance has not alleged cause or prejudice to excuse this default; thus, his confrontation clause claim should be dismissed with prejudice.

### B.      Rape-Shield Evidence Claim

Mr. Vance's claim concerning the circuit court's decision not to allow certain rape-shield evidence is based solely on state law.[6]  28 U.S.C. § 2254(d)(1) precludes this Court from reviewing the merits of this claim.  *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010)("'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Vance's Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice as procedurally defaulted.

DATED this 7th day of August, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[5]*Vance v. State*, 2011 Ark. 392, at * 6, 2011 WL 4490182, at *6 (2011).

[6]Arkansas's rape-shield statute is Ark. Code Ann. § 16-42-101.

4